a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RONNIE WHITE, Plaintiff | CIVIL ACTION NO. 1:16-CV-1481-P |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| VICTOR E. JONES, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Ronnie White (#392995) ("White"). White was granted leave to proceed *in forma pauperis*. (Doc. 7). White is incarcerated at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. White complains that his constitutional rights were violated when he was placed in administrative segregation. White names as defendants Sheriff Victor Jones and the Natchitoches Parish Sheriff's Office.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

White alleges that he was sentenced in the Tenth Judicial District Court to 20 days of incarceration for contempt of court. (Doc. 5, p. 3). White complains that his 20 days of incarceration were spent in administrative segregation in violation of his due process rights. (Doc. 5, p. 3-5).

II.    <u>Law and Analysis</u>

    A.    <u>White's complaint is subject to screening under §§ 1915(e)(2) and 1915A.</u>

White is a prisoner who has been allowed to proceed *in forma pauperis*. (Doc. 7). As a prisoner seeking redress from an officer or employee of a governmental entity, Whites's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See <u>Martin v. Scott</u>, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); <u>Rosborough v. Mgmt. and Training Corp.</u>, 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding *in forma pauperis*, White's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." <u>Id.</u> at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).

    B.    <u>White's claim is frivolous.</u>

White alleges that his placement in disciplinary segregation for the duration of his 20-day sentence for contempt of court violates his due process rights. (Doc. 5,

p. 6). The Due Process Clause does not protect every condition of confinement having a substantial adverse impact on the prisoner. See Sandin v. Conner, 515 U.S. 472, 478 (1995). Due process rights are limited to freedom from restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

Relying on Sandin, the Fifth Circuit has held that "absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life as a prisoner, will never be a ground for a constitutional claim." Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996); see also Luken v. Scott, 71 F.3d 192, 193 (1995) (administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest); Harper v. Showers, 174 F.3d 716, 718 (5th Cir.1999) (inmates have no protectable property or liberty interest in custodial classifications).

Because White has not alleged a deprivation of a constitutionally cognizable liberty interest, his § 1983 action has no arguable basis in law.

III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that White's complaint be DENIED and DISMISSED with prejudice as frivolous under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with

3

the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 28th day of November, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge

4